

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

New Case Electronically Filed: COMPLAINT
July 13, 2020 22:51

By: PAUL KNOTT 0059727

Confirmation Nbr. 2030462

MARIYA ANDROSHCHUK, ET AL..                    CV 20 934836

    vs.
                                          **Judge:** JOSEPH D. RUSSO

COSTCO WHOLESALE CORPORATION, ET AL

**Pages Filed:** 13

COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| MARIYA ANDROSHCHUK<br>7563 Lime Avenue<br>Cleveland, Ohio 44129<br><br>and<br><br>PETER ANDROSHCHUK<br>7563 Lime Avenue<br>Cleveland, Ohio 44129<br><br>    Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION<br>c/o CT CORPORATION SYSTEM,<br>Statutory Agent<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43921<br><br>Serve Also:<br>16690 Royalton Road<br>Strongsville, Ohio 44136<br><br>    Defendant. | CASE NO.<br><br>JUDGE<br><br><br><br><br><br><br><br><br><br>COMPLAINT<br>(Jury demand endorsed hereon) |

Now come the Plaintiffs, Mariya and Peter Androshchuk, by and through attorney Paul Knott and for their Complaint state as follows:

## COUNT ONE

1. Defendant Costco Wholesale Corporation was at all times relevant herein in custody, management and control and responsible for the care and maintenance of the Costco

Warehouse located at 16690 Royalton Road, in the City of Strongsville, County of Cuyahoga and State of Ohio (hereinafter "premises").

2. On or about March 7, 2014, Plaintiff Mariya Androshchuk was, at all times relevant herein, an invitee of Defendant at the premises.

3. Plaintiffs believe and therefore aver that Defendant was negligent in creating a latent hazard upon the premises, i.e. causing and permitting water to accumulate on the floor in the produce section and failing to warn invitees, including Plaintiff Mariya Androshchuk, of said hazard

4. Plaintiff was at all times exercising due care while walking through the premises when she slipped and fell the aforementioned water in the produce section.

5. As a further direct and proximate result of Defendant's negligence, Plaintiff was caused to suffer serious and permanent injuries to her arms, shoulders and other parts of her body; was caused to suffer and continues to suffer great pain of body and mind, now and in the future; was prevented from transacting her normal and daily activities, now and in the future; and was caused to seek medical treatment for which she incurred expenses and will incur additional expenses for further such treatment in the future.

## COUNT TWO

7. Plaintiffs restate the allegations set forth in Count One as if fully rewritten herein and further state the Plaintiff Peter Androshchuk is the husband of Plaintiff Mariya Androshchuk.

8. As a direct and proximate result of the negligence of Defendant Costco Wholesale Corporation, Plaintiff, Peter Androshchuk has lost the services and consortium of his wife, Plaintiff Mariya Andrushchuk, and will continue to suffer loss of services and consortium in the future.

WHEREFORE, Plaintiffs Mariya and Peter Androshchuk demand judgment against Defendant, Cotsco Wholesale Corporation in an amount in excess of $25,000.00, plus interest and for all costs incurred herein.

Respectfully submitted,

/s/ Paul Knott

PAUL KNOTT -- #0059727
The IMG Center
1360 East 9th Street, Suite 910
Cleveland, Ohio 44114
216-589-0907
216-589-0907 facsimile
pknott@knottlawoffice.com

Attorney for Plaintiffs

### JURY DEMAND

Plaintiff hereby demand a trial by Jury in the within matter.

/s/ Paul Knott

PAUL KNOTT -- #0059727

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| MARIYA ANDROSHCHUK<br>7563 Lim Avenue<br>Cleveland, Ohio 44129<br><br>and<br><br>PETER ANDROSHCHUK<br>7563 Lime Avenue<br>Cleveland, Ohio 44129<br><br>        Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION<br>c/o CT CORPORATION SYSTEM<br>Statutory Agent<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43921<br><br>Serve Also:<br>16690 Royalton Road<br>Strongsville, Ohio 44136<br><br>        Defendants | CASE NO.<br><br>JUDGE<br><br><br><u>**PLAINTIFFS' FIRST SET OF<br>INTERROGATORIES AND<br>PRODUCTION OF DOCUMENTS<br>PROPOUNDED UPON DEFENDANT**</u> |

      Now come the Plaintiffs, Mariya and Peter Androshchuk, by and through their attorney, Paul Knott, and propounds the following interrogatories and request for production of documents to be answered fully and completely by the Defendant, in writing, under oath, within Twenty-eight (28) days, as provided under the authority of Civil Rule 33 and 34. Consistent with the provisions of Rule 26(E) of the Ohio Rules of Civil Procedure, these interrogatories shall be deemed to be continuing interrogatories supplementation of responses to include information acquired by Defendant, or its attorney, after the original answer.

## INTERROGATORIES

1) Plaintiff requests the following interrogatories to be answered under oath by an employee or representative of the Defendant, who is competent to testify on its behalf and who knows the facts about which inquiry is made. With respect to said person, state their name and address and the office which they hold with the Defendant.

ANSWER:

2) Have you been sued in your proper name. If not, please state your proper name.

ANSWER:

3) Were you aware, prior to the filing of the Complaint in this action, that Plaintiff Mariya Androshchuk fell and was injured on the property known as Costco Wholesale Corporation located at 16690 Royalton Road, Strongsville, Ohio 44136.

ANSWER:

4) Did you receive notice of this accident from the Plaintiff and, if so, please state the date, time and place you received the notice and whether the notice was written or oral, and, if written, the name and address of the person who has custody of it.

ANSWER:

5) Did you receive notice of the accident from any other person and, if so, state the date, time and place you received the notice; the name, address and telephone number of the person from whom you received notice; and whether the notice was written or oral, and, if written, the name and address of the person who now has custody of it.

ANSWER:

6) Has any other accident occurred on such property, the same areas as, or in a similar manner to, the accident in which Plaintiff was injured for five (5) years preceding Plaintiff's accident and, if so, for each accident, state the date and time it occurred; a description of how it occurred; the name, or other means of identification; the location in which it occurred; and whether any safety precaution were taken as a result of it, and, if so, a description of such safety precaution.

ANSWER:

7) State the names and addresses of all persons with personal knowledge of Plaintiff's fall including eyewitnesses.

ANSWER:

8) Were any repairs, construction, renovations or maintenance of any kind conducted on Defendant's property at the location of Plaintiff's alleged fall for a two (2) year period preceding Plaintiff's accident. If so, for each such work give the date, type of work, the name of the company performing the work and name of Defendant's employee most familiar with such work.

ANSWER:

9) Was any repair, or alteration, made subsequent to the accident in the area where Plaintiff was injured and, if so, for each repair, or alteration, state a description of it; the date it was made; its location; its purpose; the name and address of the individual who made the repair or alternation; and whether it was in use at the time of the accident, and, if not, the reason it was not in use.

ANSWER:

10) Did you, any employee, or any other person receive any complaint, warning, or other notice, concerning a dangerous or defective condition on the premises prior to the accident and, if so, for each complaint, warning, or other notice, state:

    a) The date and time it was received;
    b) Whether it was written, or oral, and if oral, the substance of it;
    c) The name or other means of identification, and address of the person by whom it was given;
    d) The name, address and job title of the person who received it.

ANSWER:

11) What was the name, address, job title, job description of the person responsible for supervising the area in which Plaintiff was injured at the time of the accident and where was his location at the time of the accident?

ANSWER:

12) What was the name, address, job title, job description of the person responsible for maintaining the area in which Plaintiff was injured at the time of the accident.

ANSWER:

13) Was an investigation made by you, or in your behalf, as a result of the accident?

ANSWER:

14) If so, for each investigation, state:

a) The date it was made;
b) The name, address and occupation of each person who made it;
c) Whether any report was made of it, and if so, the name and address of the person who has custody of the report.

ANSWER:

15) Do you contend that Plaintiff was guilty of contributory or comparative negligence?

ANSWER:

16) If so, on what facts do you base such contention?

ANSWER:

17) Do you contend that Plaintiff assumed the risk of the accident?

ANSWER:

18) If so, on what facts do you base such contention?

ANSWER:

19) Do you have, or know of the existence of, any video, photograph, or diagram relating to any matter concerning the accident?

ANSWER:

20) If so, for each video, photograph or diagram, state:

a) A description of what it depicts;
b) The name, address and occupation of the person who took or made it; and
c) The date, time and place it was taken or made.

ANSWER:

21) Was any warning given to Plaintiff or any other person concerning any danger in the area where the accident occurred?

ANSWER:

22) If so, for each warning, state:

a) A description of, or the substance of, the warning that was given;
b) The name, or other means of identification, and address of the person who gave the warning;
c) The name, or other means of identification, and address of each person to whom it was given;
d) The form in which it was given;
e) The reason it was given;

ANSWER:

23) State the names, addresses and anticipated testimony of each witness that you intend to call at the trial of this lawsuit.

ANSWER:

24) List and identify each item of tangible evidence, including documents, memorandum, written correspondence, pictures, and all other personal property that you intend to introduce as evidence in the trial of this lawsuit.

ANSWER:

25) State the name, address and opinions of each expert witness that you intend to call at the trial of the within matter.

ANSWER:

26) What liability insurance, including excess and umbrella coverage, did the Defendant have in effect on the subject premises at the time of the accident. For each policy state:

a) Name of Insurance Company; and
b) Liability & medical payment coverage amounts.

ANSWER:

## DEFINITIONS AND INSTRUCTIONS

(A) "Document" includes, without limitation, all records, correspondence, memoranda, notes, reports, files, charts, graphs, statements, invoices, telephone credit card reports, pamphlets, all drafts of any documents and all other writings of every kind and description, whether printed, typed, coded, recorded by hand or recorded by any other means, from whatever source obtained. "Document" also includes and shall refer to originals and all non-identical copies. Copies which differ by reason of notations made thereon are considered non-identical copies.

(B) If Defendant claims that any Document covered in this Request is subject to a conditional or absolute privilege or should not be produced for any other reason, defendant is to file and serve a written response to this Request on or before the above date, setting forth for each such Document (a) its date, (b) its description (letter, memorandum, etc.), (c) its author or addressor, (d) its recipient and/or addressee, (e) the names of all persons who received copies of the Document, (f) the subject matter or matters referred to in the Document, and (g) the ground or reason for nonproduction.

## DOCUMENTS TO BE PRODUCED

1) Copies of any documents referred to in the Answers to Interrogatories;

2) Copies of all documents Defendant anticipates introducing at trial and/or arbitration of this matter.

3) Copies of Defendant's insurance policies regarding the subject property, including endorsement and declaration pages.

4) Copies of any videotape of Plaintiff and/or the fall;

5) Copies of any and all incident reports made as a result of this incident;

6) Copies of any photographs of the area where Plaintiff fell; and

7) Copies of any and documents regarding repair, maintenance and/or alteration to the area where Plaintiff fell, either prior or subsequent to Plaintiff's fall.

8)     Copies of any and all policies, procedures, guidelines, training materials, newsletters, posters, etc., regarding maintenance of store floors, inspection of store floors, hazards presented by wet floors and/or the need to keep the floors clean and dry.

                          Respectfully submitted,

                          /s/ *Paul Knott*

---

PAUL KNOTT - #0059727
The IMG Center
1360 East 9th Street, Suite 910
Cleveland, Ohio 44114
216-589-0907
216-589-0907 facsimile

Attorney for Plaintiff